IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01627-BNB

JERRY L. MASKE,

    Plaintiff,

v.

ARAPAHOE COUNTY,
ROBERT MURPHY, and
MARY CHAPPELL,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Jerry L. Maske currently resides in Aurora, Colorado. Mr. Maske has filed a *pro se* Complaint alleging that he was arrested and accused of identity theft and was sentenced to a deferred judgment and a two-year probation. Mr. Maske seeks $10,000,000 in damages.

The Court must construe the Complaint liberally because Mr. Maske is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons stated below, the Complaint and the action will be dismissed.

Although Mr. Maske, on Page Two of the Complaint form, states that he is asserting jurisdiction under 28 U.S.C. § 2241, he has asked for money damages and has filed his claims on a Complaint form. He also is not challenging the execution of any sentence, as is the purpose of a § 2241 action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). The Court, therefore, finds that the only possible jurisdiction for Mr. Maske's claim in this Court is under 42 U.S.C. § 1983.

Mr. Maske may not recover damages for claims that challenge the validity of his conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999).

A judgment in favor of Mr. Maske's claims necessarily would imply the invalidity of his state court criminal proceedings. Therefore, Mr. Maske's claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

3

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 15 day of July, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01627-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk